**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3476
_____


OSAMA "SAM" ELFEKY,
Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ATTORNEY GENERAL UNITED STATES OF AMERICA;
DIRECTOR UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
EVANGELIA KLAPAKIS, Director, Philadelphia Field Office,
United States Citizenship and Immigration Services;
LAURA B. ZUCHOWSKI, Director, Vermont Service Center,
United States Citizenship and Immigration Services
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. Action No. 2-15-cv-03442)
District Judge: Honorable Jan E. DuBois
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2018
_____

Before:  AMBRO, CHAGARES, and GREENAWAY, JR., *Circuit Judges*

(Opinion Filed: October 19, 2018)

_____

OPINION[*]

_____

GREENAWAY, JR., *Circuit Judge*.

After filing a complaint and amended complaint in the District Court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), Osama "Sam" Elfeky voluntarily disclosed several decisions made by the United States Citizenship and Immigration Services ("USCIS" or the "agency"), which determined that he had entered into a fraudulent marriage with a United States citizen to evade immigration laws. He now appeals from the District Court's order denying his petition to seal those judicial records. We will affirm.

## I. Facts & Procedural Background

Elfeky commenced this action in 2015 to challenge numerous adverse decisions made by USCIS as arbitrary and capricious, in violation of the APA, 5 U.S.C. § 706(2)(A). The complaint was a result of USCIS's determination that Elfeky had entered into a marriage with a United States citizen, Kimberly D., "for the sole purpose of evading immigration laws." SA103. In initiating suit, Elfeky filed a complaint and amended complaint that described his immigration status, the various forms of relief he

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

had petitioned for, and the several agency adjudications forming the basis of his complaint. These pleadings were filed on the public docket.

Subsequently, the parties filed a joint motion requesting the District Court to seal the administrative record. The parties reasoned that the record should be sealed because it contained "2,789 pages of sensitive personal information relating to Elfeky, including information that underlies the agency's conclusion that he committed marriage fraud." SA55. They acknowledged that "[m]uch of this information would require redaction under Local Rule of Civil Procedure 5.1.3, including personal identifiers such as Social Security numbers, dates of birth, financial account numbers, and tax records." SA55-56. The parties agreed that, "[t]o ensure maximum public access to these proceedings," they would file the agency decisions with their motions for summary judgment and would make summary judgment briefing "available to the public." SA56. They also agreed that the District Court's decision on summary judgment would "fully inform the public of the nature of the proceeding, further diminishing the public interest in the administrative record standing alone." SA56. The District Court granted the motion to seal the administrative record, permitting the parties to proceed to summary judgment.

After reviewing the papers, the District Court issued a memorandum opinion and order entering judgment in favor of USCIS. The opinion was published in the Federal Supplement. *Elfeky v. Johnson*, 232 F. Supp. 3d 695 (E.D. Pa. 2017). In the opinion, and pertinent to this case, the District Court noted, inter alia, that "USCIS possessed

3

substantial evidence that Elfeky's marriage to Kimberly D. was fraudulent, including Kimberly D.'s own admission against interest, detailed testimony concerning the circumstances of the marriage, Elfeky's use of an attorney who engaged in a marriage fraud scheme, and evidence that Elfeky and Kimberly D. never cohabitated." *Id.* at 706. The District Court also determined that Elfeky "committed fraud and willfully misrepresented a material fact" when he filed an application before USCIS. *Id.* at 707. Elfeky did not appeal this decision.

Instead, nearly eight months later, Elfeky filed a petition in the District Court to seal the record, docket, and all filings. Elfeky averred that the aforementioned opinion was "available not only on the publicly accessible electronic docket; but also on the internet upon a rudimentary search" of his name, and that the "publicly available" opinion, docket, and pleadings "have caused [him] harm and prejudice." SA194. As a result, Elfeky continued, he has suffered "[l]ost business opportunities both in the United States and abroad" and "[r]isk to his personal safety because of [his] asylum status being public information." *Id.*

The District Court denied Elfeky's petition. In an order, the court noted that Elfeky "voluntarily placed the issues on the public docket when he filed his Complaint and Amended Complaint," and emphasized that what he "seeks is contrary to what was agreed to in the joint motion of the parties to seal the administrative record." App. 5-6. The District Court, nonetheless, carefully weighed the factors relevant to granting orders

4

of confidentiality. Accordingly, it concluded that Elfeky "ha[d] failed to establish good cause for sealing under [our] framework." App. 5. The District Court also rejected Elfeky's argument "regarding the need to seal the record based on his asylum status" because he had "disclosed his asylum status years ago when he filed this lawsuit." App. 6. This timely appeal followed.

## II.    Jurisdiction

The District Court had jurisdiction arising under 28 U.S.C. § 1331 and 5 U.S.C. § 706. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III.    Discussion

At the outset, we note that it appears Elfeky conflates his arguments that the District Court erred in denying his petition to seal the judicial records and in deciding the petition without a hearing. We therefore begin by analyzing the issue of whether the District Court erred in denying the petition to seal the judicial records and then proceed to determine if the District Court erred in deciding the petition without a hearing.

Elfeky contends that he has proffered sufficient evidence to show good cause to seal the judicial records and that, in balancing the *Pansy* factors, the privacy interests are in his favor. He also argues that the District Court erred in placing weight on the fact "that the parties had previously agreed to lift the seal that had been in place." Elfeky Br. 7. According to him, the harm he alleges was not discovered until the seal was lifted.

5

We review a district court's decision to seal judicial records for abuse of discretion. *See EEOC v. Kronos Inc.*, 694 F.3d 351, 361 (3d Cir. 2012). "Courts have 'inherent equitable power' to grant orders of confidentiality upon a showing of good cause." *EEOC v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785–86 (3d Cir. 1994)). Good cause is proven by a showing that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Pansy*, 23 F.3d at 786). The allegations articulated must be specific and sufficiently detailed: "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Id.* (alteration added) (quoting *Pansy*, 23 F.3d at 786). The party petitioning the court bears the burden of justifying confidentiality. *Kronos*, 620 F.3d at 302.

In *Pansy*, we set out a non-exhaustive list of factors that balance public interest against private interest in deciding whether a party has established good cause to seal judicial records. 23 F.3d at 787–89. The following are several factors we consider as part of a showing of good cause:

> 1) whether disclosure will violate any privacy interests;
>
> 2) whether the information is being sought for a legitimate purpose or an improper purpose;
>
> 3) whether disclosure of the information will cause a party embarrassment;
>
> 4) whether confidentiality is being sought over information important to public health and safety;

6

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

*Kronos*, 620 F.3d at 302 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).  A district court abuses its discretion when it fails to conduct a good cause balancing test before adjudicating the matter.  *Pansy*, 23 F.3d at 792.

The District Court properly set forth the *Pansy* factors and explained how they weighed in this case.  The court found that Elfeky "failed to establish good cause for sealing" under the *Pansy* framework in part because he "voluntarily placed" the information on the public docket when he filed the complaints and "again when he filed his motion for summary judgment."  App. 5.  The District Court rejected Elfeky's averments related to "unspecified 'lost business opportunities'" and his personal safety as "insufficient to warrant sealing," reasoning that the "public is entitled to know about a case that involves public officials, a federal agency, and the [District] Court's resolution of a dispute concerning immigration issues."  App. 5-6.  Moreover, the District Court highlighted that Elfeky's request was "contrary to what was agreed to in the" parties' motion to seal the administrative record.  App. 6.  Similarly, the District Court overruled Elfelky's argument on the need to seal based on his asylum status, explaining that he had already "disclosed his asylum status years ago when he filed this lawsuit," and that

7

Federal Rule of Civil Procedure 5.1 "exempts immigration cases, including this one, from electronic public access." *Id.*

We discern no abuse of discretion in the District Court's conclusion that Elfeky failed to establish good cause under the *Pansy* framework. We agree that the record demonstrates several instances where Elfeky affirmatively discloses information he now attempts to seal. Furthermore, we also concur with the District Court's determination that Elfeky's unspecified allegations of lost business opportunities and fear for his personal safety were insufficient to establish good cause because "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Kronos*, 620 F.3d at 302 (alteration added) (quoting *Pansy*, 23 F.3d at 786). Indeed, Elfeky has not clearly defined or articulated a particularized example of the harm he has suffered due to this information being available to the public. Accordingly, we conclude that the District Court exercised appropriate discretion in denying Elfeky's petition.

Elfeky further argues that the District Court's resolution is "problematic because [he] was never given [the] opportunity" of a hearing. Elfeky Br. 8. He contends that he was not given an opportunity to respond to the Government's assertions because the District Court decided the petition three days after the Government's response.

We acknowledge that district courts have broad discretion to decide a motion with or without oral argument, and our review of those decisions is for an abuse of that broad

8

discretion.  *See* Fed. R. Civ. P. 78(b); *Rose v. Bartle*, 871 F.2d 331, 340 n.4 (3d Cir. 1989).  Here, Elfeky does not point to anything in the record to demonstrate how the District Court abused its discretion in not holding oral argument to decide the petition or in deciding the motion three days after the Government filed its response.  Likewise, our independent review satisfies us that the District Court acted well within its discretion to decide the motion without oral argument and in an appropriate timeframe.

Thus, we will affirm.

## IV.    Conclusion

For the foregoing reasons, we shall affirm the order of the District Court denying Elfeky's petition to seal the record, docket, and all filings in this matter.